UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARIO JAVIER,<br>　　Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:07-cv-1863 (VLB) |
| DERINGER-NEY, INC., | : | |
| 　　Defendant. | : | July 25, 2008 |

## MEMORANDUM OF DECISION AND ORDER GRANTING IN PART AND DENYING IN PART THE DEFENDANT'S PARTIAL MOTION TO DISMISS [Doc. #11]

Presently pending before the court is the defendant's partial motion to dismiss. The pro se plaintiff, Mario Javier, initiated this action against the defendant, Deringer-Ney, Inc. ("Deringer"), his former employer, claiming that it discriminated against him on the basis of race, color, national origin, ancestry or alienage, when it: 1) terminated his employment, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII") (count one), 42 U.S.C. § 1981a(b) (count two), and the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-60 et seq. (count five); 2) denied him training in violation of Title VII (count three) and CFEPA (count six); and 3) denied him salary increases in violation of Title VII (count four) and CFEPA (count seven). Javier also asserts claims for fraudulent and negligent misrepresentation (count eight), intentional infliction of emotional distress (count nine), and negligent infliction of emotional distress (count ten). Pursuant to Federal Rule of Civil Procedure 12(b)(6), Deringer moves to dismiss counts two, three, four, six, seven, eight, nine, and ten for failure to state a claim upon which relief can be granted. For the

reasons hereinafter set forth, the motion to dismiss is GRANTED in part and DENIED in part.

## I.  Facts

Javier is a native of the Philippines and of Filipino descent.  On April 6, 2006, Deringer hired Javier as a Lab Supervisor Analytical Services.  Throughout his employment, Javier generally met or exceeded performance expectations.  He never violated any company policies.  Javier was exposed to several derogatory comments from coworkers about the affectations of his speech and heavy accent.  He also observed similar derogatory remarks directed at laboratory assistant of his of Chinese descent.

Sometime before his termination, a Caucasian coworker aggressively approached Javier while he was working with laboratory chemicals, verbally attacked him, and provoked a fight.  Javier reported the incident to his immediate supervisor, Alex Langford, and Human Resources.  The aggressor was not disciplined as a result of the confrontation.

Javier received marks of "D" on a written performance evaluation.  He questioned Langford about the substandard marks, noting his positive performance.  Langford responded: "You're doing an excellent job don't worry." [Doc. #19, para. 33]

During the morning of September 1, 2006, Javier was supervising a subordinate laboratory technician, Jeannine Phillips, a Caucasian.  Phillips reacted strongly to Javier's supervision and disrespectfully shouted at him.

Javier immediately reported the incident to Human Resources. Approximately thirty minutes after reporting the incident, he was told to report to Human Resources. A vice president of the company instructed Javier to go home and not return to work until September 5. In the afternoon of September 1, Langford telephoned Javier and instructed him to report directly to Human Resources at 1:00 PM on September 5. Upon arriving on September 5, Javier was informed that his employment was terminated as a result of the September 1 incident.

On January 29, 2007, Javier filed an administrative complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO"). [Doc. #11-5] That complaint was forwarded to the Equal Employment Opportunity Commission ("EEOC") on March 30, 2007. On the standard form administrative complaint, Javier alleged that Deringer discriminated against him only in his termination. His supporting affidavit made no mention of his performance evaluation or subsequent conversation with Langford. The administrative complaint's allegations were otherwise consistent with those before this court.

II. Standard

"In reviewing a Rule 12(b)(6) motion, this Court must accept the factual allegations of the complaint as true and must draw all reasonable inferences in favor of the plaintiff." Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996). "To survive dismissal, the plaintiff must provide the grounds upon which her claim rests through factual allegations sufficient to raise a right to relief above the speculative level." Camarillo v. Carrols Corp., 518 F.3d 153, 156 (2d Cir. 2008)

(internal quotation omitted).

"The plaintiff's factual allegations must be enough to give the defendant fair notice of what the claim is and the grounds upon which it rests." Port Dock & Stone Corp. v. Oldcastle Ne., Inc., 507 F.3d 117, 121 (2d Cir. 2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).

"A document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Boykin v. Keycorp, 521 F.3d 202, 514 (2d Cir. 2008) (quoting Erickson v. Pardus, 127 S. Ct. 2197, 167 (2007)). The court interprets a pro se complaint to raise the strongest arguments that it suggests. Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

### III. Discussion

#### A. 42 U.S.C. § 1981a(b)

In count two, Javier claims he was terminated in violation of 42 U.S.C. § 1981a(b). That statutory section does not provide an independent cause of action. Gaynor v. Martin, 77 F. Supp. 2d 272, 279 (D. Conn. 1999). It is merely a remedies provision, outlining certain damages that are available for Title VII violations, including punitive damages. Id. Javier alleges facts elsewhere in his

complaint that could entitle him to punitive damages should he prevail, and claims punitive damages in his prayer for relief. This order does not deprive him of the right to assert a claim for punitive damages; it merely dismisses finds the 42 U.S.C. § 1981a(b) redundant. The motion to dismiss count two is GRANTED.

### B. Title VII and CFEPA

Javier claims Deringer failed to train him (counts three and six) and provide him salary increases (counts four and seven) based on his race, color, national origin, ancestry or alienage. Deringer moves to dismiss those counts because Javier did not raise them with the EEOC or CHRO and has failed to exhaust his administrative remedies. It does not move to dismiss Javier's termination claims (counts one and five) as those claims were clearly brought before the administrative agencies.

A plaintiff must first pursue available administrative remedies as a precondition to filing a Title VII or CFEPA claim in federal court. Fitzgerald v. Henderson, 251 F.3d 345, 358-59 (2d Cir. 2001), cert. denied, 536 U.S. 922 (2002). "[C]laims that were not asserted before the EEOC [or CHRO] may be pursued in a subsequent federal court action if they are reasonably related to those that were filed with the agency." Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683, 686 (2d Cir. 2001). "A claim is considered reasonably related if the conduct complained of would fall within the scope of the EEOC [or CHRO] investigation which can reasonably be expected to grow out of the charge that was made. This exception to the exhaustion requirement is essentially an allowance of loose

5

pleading and is based on the recognition that EEOC [or CHRO] charges frequently are filled out by employees without the benefit of counsel and that their primary purpose is to alert the EEOC [or CHRO] to the discrimination that a plaintiff claims he is suffering." Deravin v. Kerik, 335 F.3d 195, 200-01 (2d Cir. 2003) (internal quotations and citations omitted).

Javier's administrative complaint included no allegations concerning his training or wages. The fact that he elected not to check the boxes labeled "less trained" or "earning unequal pay" on the standard administrative complaint form when indicating the nature of the alleged discrimination is not itself fatal to Javier's claims. "In determining whether claims are reasonably related, the focus should be on the factual allegations made in the EEOC [or CHRO] charge itself, describing the discriminatory conduct about which a plaintiff is grieving." Id. at 201.

There is nothing in Javier's affidavit submitted to the CHRO and EEOC that could have reasonably led investigators to evaluate the equality of his training or wages. Javier raises allegations regarding his final performance review before this court. If those allegations had been included in his administrative complaint, his claims for unequal training and salary increases could have been perceived as reasonably related to the claims in his administrative complaint. As they were not, Javier failed to exhaust available administrative remedies for his unequal training and salary increase claims. The motion to dismiss counts three, four, six, and seven must be GRANTED.

**C. Negligent infliction of Emotional Distress and Negligent Misrepresentation**

The Connecticut Supreme Court has held that claims of negligence arising in the context of continued employment that result in emotional distress are barred as a matter of law. See Perodeau v. City of Hartford, 259 Conn. 729, 758-63 (Conn. 2002). Courts in this district have routinely applied this principle to all claims of negligence occurring in the course of employment. See Grunberg v. Quest Diagnostics, Inc., 2008 U.S. Dist. LEXIS 8205 at *25 (D. Conn. Feb. 5, 2008); Antonopoulos v. Zitnay, 360 F. Supp. 2d 420, 431-32 (D. Conn. 2005); Rosario v. J.C. Penney, 463 F. Supp. 2d 229, 233 n. 9 (D. Conn. 2006); Dinice-Allen v. Yale-New Haven Hosp., 2008 U.S. Dist. LEXIS 1802 at *19 (D. Conn. Jan. 10, 2008); Pruitt v. Mailroom Tech., Inc., 2007 U.S. Dist. LEXIS 57808 at *21 (D. Conn. Aug. 9, 2007).

The conduct Javier claims caused him emotional distress took place in the course of his employment and not in the manner in which he was terminated. Therefore, his negligent infliction of emotional distress claim must fail and the motion to dismiss count ten is GRANTED.

The only representation included in Javier's allegations is Langford's assurance about his job performance and security following his written evaluation. This conversation occurred in the normal course of employment and is not alleged to be related to Javier's termination. The negligent misrepresentation claim also fails and the motion to dismiss that part of count eight is GRANTED.

### D. Fraudulent Misrepresentation

Deringer moves to dismiss the fraudulent misrepresentation claim because it believes there is no allegation of a misrepresentation of any kind in the complaint. A claim for fraudulent misrepresentation requires that: "1) a false representation was made as a statement of fact; 2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon that false representation to his injury." Weisman v. Kaspar, 233 Conn. 531, 539 (Conn. 1995).

The complaint includes allegations regarding Javier and Langford's conversation about his performance review, namely that the written review was poor but Langford made statements to Javier that could be interpreted as assurances that his performance was positive and his job was secure. Javier could prove facts consistent with those allegations that Langford's comments were untrue and that he relied on those false representations to his detriment. The motion to dismiss that part of count eight is DENIED.

### E. Intentional Infliction of Emotional Distress

In order for Javier to state a claim for intentional infliction of emotional distress, he must allege facts sufficient to show: "1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; 2) that the conduct was extreme and outrageous; 3) that the defendant's conduct was the cause of the plaintiff's distress; and 4) that the emotional distress sustained by the plaintiff was severe."

8

**Petyan v. Ellis**, 200 Conn. 243, 253 (Conn. 1986).

Javier alleges that he was verbally and possibly physically assaulted by an aggressive coworker while he handled laboratory chemicals. He also alleges that Deringer condoned such actions. Javier could prove facts consistent with these allegations that would be extreme and outrageous. The motion to dismiss count nine is DENIED.

## IV. Conclusion

Based on the foregoing reasoning, the motion to dismiss is GRANTED as to counts two, three, four, six, seven, ten, and the negligence claim in count eight, and DENIED as to count nine and the fraudulent claim in count eight. Count two relies on a statutory provision that provides no independent cause of action and fails as a matter of law. Javier failed to exhaust his administrative remedies, a necessary precondition to his claims of unequal training and salary increases in counts three, four, six and seven. The negligence claims in counts eight and ten arose in the course of employment and fail a as a matter of law. However, Javier has sufficiently stated claims in count eight for fraudulent misrepresentation and count ten for intentional infliction of emotional distress.

IT IS SO ORDERED.

/s/

Vanessa L. Bryant
United States District Judge

**Dated at Hartford, Connecticut: July 25, 2008.**